**August AASMA, et al., Plaintiffs–Appellants,**

v.

**WEST OF ENGLAND SHIPOWNERS MUTUAL INSURANCE ASSOCIATION, LTD., et al., Defendant–Appellee.**

No. 03–3223.

United States Court of Appeals, Sixth Circuit.

May 19, 2004.

Alan Kellman, John C. Cardello, Jaques Admiralty Law Firm, Detroit, MI, for Plaintiffs–Appellants.

John S. Rea, Meyers, Hentemann, Schneider & Rea, Henry E. Billingsley, II, Carolyn C. Russell, Arter & Hadden, Cleveland, OH, for Defendants–Appellees.

Before: DAUGHTREY and CLAY, Circuit Judges, and MCCALLA,* District Judge.

## PER CURIAM.

This appeal is from the district court's order confirming an international arbitration award in favor of the defendant, West of England Shipowners Mutual Insurance Association, that included a very substantial award of legal costs against the plaintiffs, as permitted by the Arbitration Act, 1996, c. 23, § 63(3). It is the second time that the case has come before us. *See Aasma v. Am. S.S. Owners Mut, Prot. & Indem. Ass'n, Inc.*, 95 F.3d 400 (6th Cir. 1996), for background.

The plaintiffs, a group of merchant seamen, originally sought recovery for asbestos-related injuries from their employer, States Steamship Co., in 1986, but because the company had been in bankruptcy proceedings since 1979, it did not answer the complaints, and default judgments were eventually entered in favor of a number of the plaintiffs. They then sought a declaratory judgment allowing them to proceed directly against West of England and American Steamship Owners Mutual Protection and Indemnity Association, two non-profit associations of which States Steamship had been an insured member under policies that contained "pay first" or "pay to be paid" clauses. Such provisions require indemnity to an insured party only if the party, in this case States Steamship, is required to and actually does pay a claim.

---

* The Hon. Jon Phipps McCalla, United States District Court for the Western District of Tennessee, sitting by designation.

The indemnity associations denied any contractual obligation, citing the "pay first" provisions and lack of privity by the plaintiffs. When the case came to this court, we held that the pay-first provisions in the American Steamship Owners policies should be enforced, defeating the plaintiffs' right to recover from that insurer. *See Aasma,* 95 F.3d at 404. However, the West of England policy contained an arbitration clause, which we held to be binding against the plaintiffs, on the theory that they stood in States Steamship's stead with regard to any contractual obligations against the indemnity association. *See id.* at 405. We therefore ordered the parties to proceed to arbitration in England, as called for by the arbitration agreement, and dismissed the case without prejudice, pending the outcome of the arbitration in England. *See id.* The English arbitrator found in favor of the indemnity association—at least in part on the same basis that had caused us to rule in favor of American Steamship Owners—and assessed costs and fees against the plaintiffs. When the assessment was not paid, the defendants filed a motion to confirm the award, which was granted by the district court. Plaintiffs now appeal the confirmation of the foreign arbitral award, arguing that it violates public policy and that the interest rate imposed is punitive and therefore unenforceable.

In confirming the award, the district court rejected the argument that granting legal costs and interest to the prevailing party violated "the most basic notions of morality and justice" of the American justice system. The court further found that the amount of the award and the computation of interest was not punitive and should also be enforced. Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in confirming the award. Because the reasons why judgment should be entered for the defendant have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court upon the reasoning set out by that court in its memorandum opinion filed on January 8, 2003.